UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JONATHAN BRANDT,<br><br>               Plaintiff,<br><br>    v.<br><br>BROMLEY BEADLE, JAMES YOUNG, ANTHONY JAMES, SYLVIO PETTO NETO,<br><br>               Defendants. | CASE NO. C19-6159 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendants Bromley Beadle, James Young, Anthony James, and Sylvio Petto Neto's ("Defendants") motion to dismiss. Dkt. 11. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.    PROCEDURAL AND FACTUAL HISTORY

On November 27, 2019, Plaintiff Jonathan Brandt ("Brandt") filed a complaint against Defendants alleging wrongful withholding of wages under RCW 49.52. Dkt. 1. On February 27, 2020, Defendants filed a motion to dismiss for failure to state a claim

ORDER - 1

pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 8. Brandt responded on March 16, 2020. Dkt. 11. On March 20, 2020, Defendants replied. Dkt. 20.

The Court briefly summarizes the facts described in Brandt's complaint and the documents attached thereto. Defendants are officers of WGUS FS LLC d/b/a TriStrata Group ("TriStrata"). Dkt. 1 at 1, 2. On approximately September 22, 2017, Brandt and TriStrata entered into a five-year Employment Agreement. *Id.* at 2; *see also* Dkt. 1-1. Brandt alleges that under his Employment Agreement, he would be entitled to receive his base salary for the remaining portion of the Employment Agreement, i.e., until September 22, 2022, if he was terminated without cause. Dkt. 1 at 2.

TriStrata entered into receivership on May 31, 2019 pursuant to RCW 7.08 and 7.60.[1] Dkt. 1 at 2-3; *accord* Dkt. 8 at 8. While TriStrata was in receivership, the Receiver rejected Brandt's Employment Agreement on September 13, 2019, Dkt. 1 at 3, though the Parties dispute whether Brandt himself sought to terminate his employment, Dkt. 8 at 10–11; Dkt. 11 at 9–11. On September 25, 2019, Brandt received notice that his employment with TriStrata was terminated effective September 13, 2019. Dkt. 1-3. Brandt alleges that he submitted a claim to TriStrata's Receiver for damages arising from the rejection of his

---

[1] Defendants ask this Court to take judicial notice of the receivership, Case No. 19-2-14553-6 (King County Superior Court), and its pleadings pursuant to Fed. R. Evid. 201(b)(2) "for the limited purpose of showing that certain pleadings were filed and claims made." Dkt. 8 at 5 n.1. "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgement." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (internal citation omitted). However, a court cannot take judicial notice of disputed facts in such public records. *Id.* The Court thus takes judicial notice of the receivership and its pleadings, but not of the many disputed facts between the parties contained in any pleadings.

Employment Agreement, including the remaining salary owed to him as severance under the Employment Agreement, on October, 11, 2019. Dkt. 1 at 3. Brandt alleges that the Receivership Court closed TriStrata's case on November 13, 2019 without paying his owed wages and that Defendants have refused to pay him the same. *Id.*

Brandt thus filed the instant action against Defendants on November 27, 2019 alleging that Defendants have willfully withheld his owed wages in violation of RCW 49.52. *Id.*

## II.  DISCUSSION

### A.  Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.     Analysis**

Defendants move to dismiss Brandt's claims for failure to state a claim. The Court agrees with Defendants on this issue because Brandt fails to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Brandt claims that Defendants wrongfully and willfully withheld his owed severance in violation of RCW 49.52.050. Under Washington law, employers must not "[w]illfully and with intent to deprive [an] employee of any part of his or her wages . . . pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract." RCW 49.52.050. Nonpayment of wages is considered willful "when it is the result of a knowing and intentional action and not the result of a bona fide dispute." *Lillig v. Becton-Dickinson*, 105 Wn.2d 653, 659 (1986).

Brandt fails to allege any facts to establish Defendants' willfulness in withholding his severance. He simply alleges that "Defendants have refused to pay Plaintiff the severance obligation owed to him under the Employment Agreement." Dkt. 1 at 3. This single allegation is insufficient to establish that it is plausible that Defendants have acted knowingly and intentionally in refusing to pay his severance obligation. Thus, the Court grants Defendants' motion to dismiss.

**C.     Leave to Amend**

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). As it is possible the complaint could

be cured by amendment, the Court grants Brandt's requested leave to amend. Dkt. 11 at 28.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss, Dkt. 8, is **GRANTED** and Brandt is **GRANTED** leave to amend. An amended complaint shall be filed no later than August 28, 2020. Failure to timely file an amended complaint or otherwise respond will result in dismissal without prejudice.

Dated this 11th day of August, 2020.

BENJAMIN H. SETTLE
United States District Judge